JUDGE TORRES

UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF NEW YORK

14 cv 7569

RECEIVED
SEP 18 2014
U.S.D.C. S.D. N.Y.

| | |
|---|---|
| ROBERT J. WILLIAMS, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 1:12-cv-02043-KBF |
| PROFESSIONAL CLAIMS BUREAU, INC., | ) COMPLAINT AND DEMAND FOR JURY TRIAL |
| Defendant. | ) (Unlawful Debt Collection Practices) |

## COMPLAINT

ROBERT J. WILLIAMS ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against PROFESSIONAL CLAIMS BUREAU, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy;" 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States; and 28 U.S.C. § 1367 grants this Court supplemental jurisdiction over any state law claims.

3. Defendant conducts business and maintains its headquarters in the State of New York, therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2).

- 1 -

## PARTIES

5. Plaintiff is a natural person residing in Mahopac, New York.

6. Defendant is a national debt collection company with corporate headquarters located at 439 Oak Street, Garden City, New York, 11530.

7. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff related to a medical bill.

10. The alleged debt that Defendant was seeking to collect arose from transactions, which were primarily for personal, family, or household purposes.

11. Between November 2013 and February 2014, Defendant's collectors placed repeated harassing telephone calls to Plaintiff.

12. Plaintiff told them to stop calling.

13. Plaintiff also sent correspondence to Defendant in writing requesting that the calls cease and indicating that he denied owing the debt. See Exhibit "A".

14. Despite both Plaintiffs' written and verbal requests to stop calling, Defendant continued to call.

15. Once Defendant was told the calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

16. Defendant took the actions described herein with the intent to harass, deceive and coerce payment from Plaintiff for this alleged debt.

## DEFENDANT VIOLATED
## THE FAIR DEBT COLLECTION PRACTICES ACT

### COUNT I

17. Section 1692c(c) of the FDCPA prohibits debt collectors from communicating with a debtor if a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer.

18. Defendant violated § 1692c(c) of the FDCPA when it continued to contact Plaintiff after receiving a written cease and desist letter from Plaintiff.

### COUNT III

19. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

20. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

21. Defendant violated §§ 1692d and 1692d(5) of the FDCPA when it placed repeated harassing telephone calls to Plaintiff despite knowledge the calls were unwanted, and when it engaged in other harassing or abusive conduct.

## COUNT IV

22. Section 1692e of the FDCPA prohibits debt collectors from using false, deceptive or misleading representation or means in connection with the collection of any debt.

23. Section 1692e(2)(A) of the FDCPA prohibits debt collectors from making a false representation of the amount, or legal status of any debt.

24. Section 1692e(10) of the FDCPA prohibits debt collectors from using false representations or deceptive means to collect a debt or to obtain information from a consumer.

25. Defendant violated § 1692e, § 1692e(2)(A)), and § 1692e(10) of the FDCPA when it sought to collect a debt that Plaintiff did not owe, and when it used other false, deceptive or misleading representations in connection with collecting a debt from Plaintiff.

## COUNT V

26. Section 1692(f) of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect an alleged debt.

27. Section 1692(f)(1) of the FDCPA prohibits the collection of any amount, unless expressly authorized by the agreement creating the debt or permitted by law.

28. Defendant violated §§ 1692f and 1692f(1) of the FDCPA when it sought to collect a debt Plaintiff did not owe, and when it engaged in other unconscionable and unfair actions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ROBERT J. WILLIAMS, respectfully prays for a judgment as follows:

   a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

   b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

   c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

   d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ROBERT J. WILLIAMS, demands a jury trial in this case.

DATED: 09/16/14

KIMMEL & SILVERMAN, P.C.

By: _____
Craig Thor Kimmel
Attorney for Plaintiff
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: kimmel@creditlaw.com

Case 1:14-cv-07569-AT Document 1 Filed 09/18/14 Page 6 of 6

Nov. 18, 2013

To: Pcb

Re: 94.68

To whom, I deny owing this (money). Don't bother me again with this

*[signature]*

